IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL BONVILLIAN, | CASE NO. CV F 05-1346 LJO NEW |
| Plaintiff, | **MEMORANDUM AND DECISION ON COURT'S SUBJECT MATTER JURISDICTION** |
| vs. | |
| UNITED AUTO CREDIT AND JOHN CONFRERES, | |
| Defendants. / | |

At the pretrial conference on March 6, 2007, the parties raised the issue of whether this Court has subject matter jurisdiction of this action. Lack of such jurisdiction can be raised at any stage of the proceeding. *Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). On March 6, 2007, plaintiff submitted its moving authority in support of subject matter jurisdiction. On March 9, 2007, defendants submitted their opposition to jurisdiction. The motion for lack of subject matter jurisdiction came on for hearing on March 14, 2007 in Department 4. Plaintiff appeared by telephone by counsel Joshua Swigart. Defendants appeared by telephone by counsel Eric Lamhofer. Having considered the parties' moving papers, the arguments of counsel, as well as the parties' stipulations, and the Court's file, the Court issues the following order.

**Subject Matter Jurisdiction**

A party may challenge the court's jurisdiction over the subject matter of the complaint under Fed.R.Civ.P. 12(b)(1). A complaint will be dismissed if, looking at the complaint as a whole, it appears

to lack jurisdiction either "facially" or "factually." *Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)

Fundamentally, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). The presumption is that federal courts are "without jurisdiction unless the contrary affirmatively appears." *Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978).

A plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396. This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936); F.R.Civ.P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co.*, 594 F.2d at 733; *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992).[1] A motion to dismiss for want of subject matter jurisdiction may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conely v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *Sherman v. Yakahi*, 549 F.2d 1287 (9th Cir. 1977).

**Fair Debt Collection Practices Act (State and Federal)**

In this case, plaintiff's complaint alleges violation of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act" - California Civil Code § 1788, et. seq.). This state-based claim is the

---

[1] A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen*, 549 F.2d at 891. In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) ( 'The existence of disputed material facts will not prevent the trial court from evaluating for itself the merits of jurisdictional claims.'); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In this case, the defendant's motion to dismiss for lack of subject matter jurisdiction is a facial challenge to the complaint and the Court did not review or rely on extrinsic evidence, except as addressed *infra*.

sole claim for relief. The parties agree that diversity jurisdiction does not exist.[2]

Plaintiff argues that there is, nonetheless, federal question jurisdiction. Plaintiff argues that the state-based Rosenthal Act, is itself, an incorporation of the Federal Fair Debt Collection Practices Act. See Cal.Civ. Code §1788.17 ("Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."). Thus, incorporation of federal law claim into the state law is the basis for plaintiff's federal question jurisdiction.

The Federal Fair Debt Collection Practices Act (15 USC §§ 1692–1692o; 'Federal FDCPA') is the primary federal legislation dealing with unfair and deceptive consumer debt collection practices. The California Rosenthal Act (Civ.C. §§ 1788–1788.32) is California's counterpart to the Federal FDCPA.

Defendant United Auto Credit argues that there is not federal question jurisdiction because defendant is not within the definition of a "debt collector" as defined by the Federal FDCPA. Defendant argues that it was not acting as a debt collector under the Federal FDCPA because it was collecting its own debt. Defendant argues that the State Rosenthal Act, Section 1788.17, does not incorporate the federal definitions section of "debt collector." Defendant argues that its liability as a "debt collector," will be determined by the definitions in the State Rosenthal Act, Section 1788.2, rather than the corresponding federal statute" (15 U.S.C. § 1692(a).) Thus, because it is not a "debt collector," plaintiff's claim does not "arise under" federal law.

The Federal FDCPA and the Rosenthal Act define "debt collector" differently. The Federal FDCPA applies only to the collection of 'consumer debts' by 'debt collectors.' 'Debt collectors' under the Federal FDCPA must collect consumer <u>debts owed to another</u>. 15 USC § 1692a(6)(A) (emphasis added). Thus, creditors, as argued by United Auto Credit, are not subject to the Federal FDCPA. *See Shamburger v. Grand Casino of Mississippi, Inc.*, 84 F.Supp.2d 794, 801 (SD MS 1998).

---

[2] Defendant argues in its opposition that plaintiff also alleged violation of the Federal Fair Debt Collection Practices Act. (Doc. 25, Opposition brief p. 2:4-7.) The complaint, however, does not so allege. The complaint solely alleges a claim under California's Fair Debt Collection act and alleges a violation of the state act. (Complaint p. 2) ("This action arises out of Defendants' violation of the following: Rosenthal Fair Debt Collection Practices Act, California Civil Code §§1788-1788.2.") Had plaintiff alleged a separate claim under the Federal Fair Debt Collection Practices Act, federal question jurisdiction would have been established.

3

For State Rosenthal Act purposes, a 'debt collector' is any person who collects a debt "<u>on behalf of himself</u> or herself <u>or others</u>." Civ.Code. § 1788.2( c) (emphasis added). The State Rosenthal Act applies both to third party debt collectors and to creditors who regularly collect consumer debts. Thus, the State Rosenthal Act applies to <u>all creditors</u>.

**Substantial Federal Question**

In support of federal question jurisdiction, plaintiff relies upon a copy of a Minute Order issued in *Malbrough v. WFS Financial*, United States District, Central District of California, Case No.: CV 05-7481 GAF (FMOx). In that case, the Central District Court determined that, although only the Rosenthal Act was at issue, federal question jurisdiction existed under the "substantial federal question doctrine."

Federal question jurisdiction exists where the state claim "necessarily depend(s) on resolution of a substantial question of federal law." *See Franchise Tax Board v. Construction Laborers Vacation Trust* (1983) 463 US 1, 27–28, 103 S.Ct. 2841, 2855–2856. It is not enough that the court may have to interpret federal laws or regulations. 'Arising under' jurisdiction exists only 'where the vindication of a right under state law necessarily turn(s) on some construction of federal law.' *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 US 804, 808, 106 S.Ct. 3229, 3232 (1986). A three-part test applies:

• Whether the state law claim necessarily raises a federal issue;

• Whether the federal issue is 'actually disputed' and 'substantial' (so that there is a serious federal interest in having the matter heard in federal court); and

• Whether the exercise of federal jurisdiction would disturb 'any congressionally approved balance of federal and state judicial responsibilities' so as to substantially increase the volume of federal litigation. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, -US-, 125 S.Ct. 2363, 2368 (2005).

In *Malbrough v. WFS Financial*, the Central District Court determined that a substantial federal question existed because of the State Rosenthal Act incorporated the Federal FDCPA and without the incorporation, there would not be any "actually disputed" claim. That Court, however, did not face an issue where defendant claimed it was not within the definition of a "debt collector" because it was

4

1 collecting its own debt. Therefore, the case is distinguishable.

2 Here, the allegations support that United Auto Credit is a "debt collector" under the Federal
3 FDCPA. The allegations in the complaint state that:

4     "Plaintiff is a natural person from whom <u>a debt collector</u> sought to collect
5     a consumer debt ...." (Complaint ¶9) (emphasis added).

7     "Plaintiff is informed and believes, and thereon alleges, that Defendants
8     are persons who uses an instrumentality of interstate commerce or the
9     mails in business the principal purpose of which is the collection of debts,
10     or who regularly collect or attempt to collect, directly or indirectly, debts
11     owed or due or asserted to be owed or due another are there fore "debt
12     collectors' as that term is defined by 15 U.S.C. §1692a(6)." (Complaint
13     ¶12.)

15 The allegations bring United Auto within the Federal FDCPA definition of debt collector. This
16 motion is not a subject matter "factual" challenge, but rather a "facial" challenge. In a facial challenge,
17 all material allegations in the complaint are assumed true, and the question for the court is whether the
18 lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co.,* 594 F.2d
19 at 733. Defendant did not present any extrinsic evidence to the pleadings that it was collecting its own
20 debt, and merely argued that it was collecting its own debt.

21 At the hearing, the parties stipulated, however, that the evidence at trial would show that the
22 defendant United Auto Credit, and its agent, in this case were collecting its own debt and was not acting
23 as a "debt collector" as defined by the Federal FDCPA. Given this stipulation, United Auto Credit does
24 not fall within the definition of the Federal FDCPA.

25 At the hearing, the parties further discussed the potential risk of obtaining a judgment which
26 could be challenged at any point for lack of subject matter jurisdiction. Given the uncertainty of
27 jurisdiction in this particular case, under these particular facts, and in the interest of economy and justice,
28 the parties stipulated to remand this case to State court for adjudication of the sole state law based claim.

1  The parties are directed to submit a proposed order/stipulation to remand this case to the Kern
2  County Superior Court.
3  IT IS SO ORDERED.
4  **Dated:     March 15, 2007**              **/s/ Lawrence J. O'Neill**
   b9ed48                                     UNITED STATES DISTRICT JUDGE